Ekeemaít, J.,
delivered the opinion of the Court.
This bill is filed by complainants, claiming to have paid some $1,200 as sureties for Joseph H. Brown, .as sheriff of Perry county, charging that Brown had absconded, and was then a resident of Texas, that a negro girl belonging to him was^ in possession of defendant McDonald; asking an attachment against said negro and other property of Brown. The attachment issued, and was levied on the negro, and defendant McDonald replevied her, giving a bond to keep the property within the jurisdiction of the court, or have her forthcoming at all times subject to such order and decrees as the court might make in the case.
The facts as shown in an agreement in the record are, that the parties had paid a debt of $1,200 for Brown as sureties on his official bond; that McDonald had bought the negro, had a bill of sale for her, but it had not been registered at the levy of the attachment. The Chancellor took rather a peculiar view of this case on the hearing, and dismissed complainants’ bill absolutely for supposed defects in the publication made as to Brown, the non-resident defendant, although Brown himself made no appearance nor any defence. This was unquestionably erroneous in any aspect of the case, as at most, it could only have been good eause to remand it to the rules in order that proper steps might be taken to bring said Brown before the court. But the Chancellor erred in his view of the *382 law, as to the supposed defects in the publication made, and in holding the rule laid down by this court as to requisites of a notice by publication in the case of Riley et al v. Nichols, 1 Heis., 16, to be applicable to the case before him. That was a case at law, and a judicial attachment where the requisites of notice by publication are laid down in sec. 3522 of the Code. We need but say that this hac no application to a case like the present, of a bill filed against a resident defendant together with a non-resident one, where the attachment is merely for the purpose of fixing a lien on the property or impounding it, to be held subject to satisfaction of any decree that may be made on the equities charged in the bill. This case is governed by the rules found in secs. 4354-5-6-7. In the last section referred to-, it is provided that “the order of publication should contain the names of the parties, the style of the court in which the proceedings are had, and the name and place where the court is held.” These requisites are all complied with, and, so far as we can see, the whole proceedings as to this order are regular and ample. Under them, at the June term, the bill was taken for confessed, which order, pro oonfesso, had never been set aside or annulled in any way, and stood in the nature of a decree against the party at the time of the hearing and was final until set aside or vacated. Passing from this, the only question growing out of the facts of the ease for decision is simply whether the lien of the attachment overrides the title of McDonald: it being unregistered. We hold that it does, and that the objec- *383 lion made, that the complainants are not judgment creditors, and the cases cited on this question have no application, being cases where a party files a bill to set aside fraudulent conveyances — see cases cited in note to Thompson & Steger’s Code, p. 1759. This is a case of bill filed under the provisions of the Code on the subject of attachments, sec. 3455 and subsections, which only require that the debt or demand be due at commencement of the suit in order to have an attachment either at law or in equity.
As we try the case on appeal de novo, we must decide what decree the complainants are entitled to in this case, on reversing the decree of the Chancellor. They are entitled to a decree for the amount of debt against Brown, to be ascertained by reference to the clerk of this court, if desired, and if the bond given by the defendant had been a replevy bond, such as is required by sec. 3509 of Code, to a judgment on the bond, either for the value of the property as therein required, or for their debt. But this bond is not such, but is only what is called a forthcoming bond “to keep the property within jurisdiction of the court, and have it subject to such orders and decrees as the court might make in the case.” The agreed case shows that the negro woman died while then in the possession of the party, before emancipation. In such case it is well settled that the property was in the custody of the law, and having perished before any order or decree made in the case, or any breach of the condition of the bond, the obligees in the bond are not liable. 2 Col., 440; 2 Sneed, 362.
*384 The result is that a decree will be entered here reversing the decree of the Chancellor, and decreeing in accordance with this opinion. *
The costs of this court will be paid by McDonald, together with the costs of the court below.